

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 4, 1964

Honorable J. N. Nutt
Commissioner of Insurance
1110 San Jacinto
Austin, Texas

Opinion No. C-222

Re: Whether out-of-state manufacturers, distributors and jobbers are required to obtain licenses pursuant to Section 5 of Article 1725, Vernon's Penal Code, and related questions.

Dear Mr. Nutt:

You have requested an opinion of this office covering several questions pertaining to administering and enforcing the provisions contained in Senate Bill No. 143, Acts 55th Legislature, Regular Session, Chapter 498, page 446, codified as Article 1725, Vernon's Penal Code. You point out that the responsibility of administering and enforcing this Act is placed upon the State Fire Marshal, and that the Commissioner of Insurance is designated as State Fire Marshal by Article 1.09 of the Texas Insurance Code.

An examination of this Act indicates it has as its general purpose the regulation of fireworks within this State. It is quite comprehensive and you have asked several questions concerning various provisions that might tend to burden interstate commerce. As a prerequisite to answering your questions, therefore, an evaluation of the power of this State to adopt such an act is outlined.

The storing, handling, and use of inflammable and explosive substances, being attended with danger, may be regulated under the police power. Thus the explosion of fireworks may be prohibited; and a law prohibiting, except in certain cases, the sale, offering, or exposing for sale and use, of fireworks must be interpreted in the light of its general purpose, which is the protection of the health, safety, and general welfare of the public. 35 C.J.S. 248.

Congress has recognized that the regulation of fireworks is of individual concern to each State. It has acted to strengthen and preserve unto the several states the right to regulate fireworks by providing as follows:

"Whoever, otherwise than in the course of continuous interstate transportation through any state, transports fireworks into any state, or delivers them for transportation into any state, or attempts so to do, knowing that such fireworks are to be delivered, possessed, stored, transhipped, distributed, sold, or otherwise dealt with in a manner or for a use prohibited by the laws of such state specifically prohibiting or regulating the use of fireworks, shall be fined not more than $1,000.00 or imprisoned not more than one year, or both.

"This section shall not apply to a common or contract carrier or to international or domestic water carriers engaged in interstate commerce or to the transportation of fireworks into a state for the use of Federal Agencies in the carrying out or the furtherance of their operation.

"In the enforcement of this section, the definitions of fireworks contained in the laws of the respective states shall be applied. . . ." Title 18, Sec. 836, U.S.C.A.

This enactment of Congress is ample evidence that the right to regulate fireworks clearly remains in the several states. It follows that this State is authorized to provide for reasonable regulations of fireworks.

The questions you have asked concerning Article 1725 are based upon an assumption that at the time agreements for the sale and purchase of the fireworks were entered into it was the intention of the parties that the fireworks in question would be held for resale or for further distribution and ultimate retail consumption or use in the State of Texas. This assumption is the basis for consideration of your first series of questions, which are here set out:

"1. (a) Are out-of-state manufacturers, distributors, and jobbers required to obtain licenses pursuant to Section 5 of the Act?

(b) Does the term 'out-of-state' as used in Section 5 of the Act include manufacturers, distributors, and jobbers who are located or domiciled in foreign countries?

"2. Does the purchase by a distributor, jobber or retailer of permissible fireworks from an unlicensed out-of-state manufacturer or importer for resale in Texas violate the provisions of Section 5I or Section 5J of the Act if the actual contract of purchase was consummated outside of Texas and delivery is made through a distributor, jobber or retailer outside the State?

"3. Identical question as No. 2 above except that delivery is made to the distributor, jobber or retailer in Texas.

"4. Identical question presented in No. 2 above except that the contract is consummated in Texas.

"5. Identical question presented in No. 2 above except that the sale is consummated in Texas and delivery is made to the distributor, jobber or retailer in this State."

The provisions of Section 5 which provide the basis for the above questions are as follows:

"A. A license fee of $500.00 per year, due and payable on or before February 1st of each and every year beginning February 1, 1958, to the State Fire Marshal subject to the provisions of Section 12 of this Act, will be charged for the permit to manufacture, possess and sell fireworks. The manufacturer may manufacture, possess and sell items other than those enumerated in Section 2, but for sale and delivery only to states where other types of fireworks are legal but may not be sold or used in the State of Texas.

"The same license fee will apply to and shall be paid by any and all out-of-state manufacturers offering goods for sale in the State of Texas, as a condition to their sale in Texas.

"B. A similar license fee of $750.00 annually, due and payable on February 1st of

each and every year, as provided in Section
5A above, will be charged all distributors
who possess and sell the fireworks enumerated
in Section 2.

"The license fee provided herein shall
be due and payable by all out-of-state dis-
tributors offering goods for sale within the
State of Texas.

"C. A license fee, due and payable as
provided in Section 5A above, of $500.00 per
year, will be charged all jobbers who possess
and sell the fireworks enumerated in Section 2.

"The license fee provided herein shall
apply to and be payable by out-of-state jobbers
as a condition for selling within the State of
Texas.

" . . .

"I. No person, firm, corporation or
association shall deliver fireworks for re-
sale to any individual, firm, corporation or
association unless consignee produces a li-
cense or evidence that consignee holds such
a license.

"J. No distributor, jobber or retailer
shall purchase fireworks from a factory, distrib-
utor, jobber, manufacturer or salesman without
first requiring proof that the license required
of each herein has been obtained. No license
provided for hereinabove shall be transferable
nor shall a jobber or salesman be permitted to
operate under a license granted a distributor."

Concerning the above provisions as they pertain to
the questions you have asked, you state in your letter as
follows:

"The Department has not adopted any formal
departmental construction concerning the above
questions. It has, however, been the position
of the Department that any attempt to strictly
enforce the license requirements insofar as
out-of-state manufacturers, distributors or

jobbers are concerned would result in placing a burden upon or an interference with interstate commerce in violation of the Federal Constitution if the transactions involved were essentially interstate in character. It has further been the position of this office that any out-of-state manufacturer, distributor or jobber who actively solicits business or offers to sell fireworks through its sales representatives in Texas or is otherwise engaged in local activities which would constitute the transaction of business in Texas should be required to obtain the proper license. . . ."

In examining your questions and the provisions of the Act concerned, the views of your Department are of great assistance in guiding this office toward an answer to your questions. As has been emphasized, "the practice and interpretive regulations by officers, administrative agencies, departmental heads and others officially charged with the duty of administering and enforcing a statute will carry great weight in determining the operation of a statute." Vol. 2, Sutherland Statutory Construction, p. 514.

It is of value to recall that the general purpose of this Act is the protection of the health, safety, and general welfare of the public. Obviously, the Act is primarily concerned only with persons and property within this State, as "every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory. Conversely, the jurisdiction of a state is restricted to its own territorial limits and does not extend beyond its boundaries." 81 C.J.S. 860.

As a further aid to arriving at answers to your questions, it is helpful to examine the authority of the officer charged with the responsibility of administering and enforcing the Act. Article 5.44 of the Texas Insurance Code sets out the authority of the State Fire Marshal in detail. Essentially it is that of fire prevention and investigation. Among the definitions set out in Section 1 of the Act in question is the following:

"State Fire Marshal--The chief law enforcement officer of the State of Texas charged with the responsibility of fire prevention."

Turning now to your questions 1(a), it is primarily governed by the provisions of Section 5, A, B and C quoted above. The language used therein is clear and does not warrant an extended discussion. A license is required of manufacturers, distributors and jobbers in this State. Then, additionally, the same license is required of out-of-state manufacturers, distributors and jobbers offering goods for sale in the State of Texas, as a condition to their sale in Texas.

Question 1(a) is answered in the affirmative. Out-of-state manufacturers, distributors and jobbers, who offer fireworks for sale in the State of Texas are required to obtain the appropriate license as a condition to sell such fireworks in the State of Texas.

Question 1(b) is answered by another provision contained in the Act. The Legislature was obviously aware that many fireworks reaching this State would come from foreign sources of supply, and provided in the Act for requiring a license of the importer, as follows:

"E. An annual license fee, due and payable as provided in Section 5A above, of $100.00 shall be due and payable by each importer who possesses and sells the fireworks enumerated in Section 2 above to any persons, firms, corporation or association within the State of Texas."

By applying the license requirement at the source of importation, the Act precludes the suggestion that the term "out-of-state"as used therein, was intended to include manufacturers, distributors, and jobbers who are located or domiciled in foreign countries.

Question 1(b) is answered in the negative.

Your remaining questions 2 through 5 are each based upon a certain state of facts. The facts are varied in each instance to provide the basis for the question. As the facts posed in each question are presumably founded on experiences your office has faced in administering and enforcing the provisions of this Act, your Department's position is a guiding factor in arriving at a construction of the Act.

It should be noted here that paragraph "I" of Section 5 does not appear to except any person, firm, corporation or association from its coverage. It requires every person, firm, corporation or association to ascertain that the consignee of fireworks has the license required under this Act, before delivery

is made.  Paragraph "J" requires the opposite, that is, it requires
that the distributor, jobber, manufacturer or salesman selling
the fireworks have the license required by the Act.  It is im-
portant to note, however, that the Act does not require all
manufacturers, distributors, and jobbers to become licensed--
only those located here in Texas or who offer fireworks for
sale in Texas.

Question No. 2 is answered as follows:  The purchase
by a distributor, jobber or retailer of permissible fireworks
from an unlicensed out-of-state manufacturer or importer for
resale in Texas does not violate the provisions of Section 5I
and J, if the contract of purchase was consummated outside of
Texas and delivery is made through a distributor, jobber or
retailer outside the State.

Question No. 3 is considered in accordance with the
position of your Department, and answered as follows:  The
purchase by a distributor, jobber or retailer of permissible
fireworks from an unlicensed out-of-state manufacturer or
importer for resale in Texas does violate the provisions of
Sections 5I and J if the actual contract of purchase was entered
into outside of Texas and delivery is made to the distributor,
jobber or retailer in Texas by the manufacturer or importer.

As a supplement to the answers given to Questions
2 and 3, it may be noted that the failure of such out-of-state
person, firm, corporation or association selling such fireworks
outside of this State to a distributor, jobber or retailer from
this State to require proof that the consignee holds the license
required by this Act, might be a violation.  However, the Federal
Act quoted above would have to be resorted to in order to effec-
tuate any punishment that might be due for such violation.

Questions Nos. 4 and 5 are answered together, and
again due consideration is given to the position your Depart-
ment has taken in administering and enforcing the provisions
concerned.  Both questions are answered in the affirmative;
such a purchase is in violation of the provisions stated as
the consummation of the contract within this State would re-
quire acts which would constitute or be equivalent to offering
goods for sale in this State so as to bring the parties within
the purview of the license requirements.

You next ask the advice of this office in a second
series of questions concerning the provisions for public dis-
play of fireworks.  Sections 9 and 10 are pertinent portions
of the Act relating to these questions and you state there is

no established departmental construction on the points raised.

> "1. Is a person required to hold a
> distributors license before making any public
> display of fireworks in Texas. It is assumed
> that the person making the public display of
> fireworks will be in possession of Class A
> and/or Class B fireworks for such purpose."

Section 1 of the Act defines Class A fireworks as: "Those fireworks defined in Section 10 of this Act and not otherwise;" and Class B fireworks as : "Shall include all types of dangerous fireworks excepting fireworks designated as ICC Class C Common Fireworks and Class A Fireworks."

Section 2 of the Act provides: "It shall be unlawful for any individual, firm, partnership, corporation or association to possess for sale within the state, sell or offer for sale, at retail, or use, within the State of Texas, any fireworks other than the permissible fireworks herein enumerated." The permissible fireworks enumerated in this section are limited to ICC Class C Common Fireworks only, and thus, at this point, Class A and Class B fireworks are not permissible fireworks. There follows later in the act, however, Section 9, the pertinent portion of which is as follows:

> "Sec. 9. Be it further enacted, that no
> person, firm, corporation or association without
> securing a permit from the State Fire Marshal,
> shall manufacture, possess or sell any dangerous
> fireworks for any use or purpose, including
> agricultural purposes or wild life control.
> Before any dangerous fireworks may be manu-
> factured, possessed, sold or used, a permit
> therefor specifying the uses to be made there-
> of must be secured from the State Fire Marshal.
> . . ."

As the provisions of Section 9 are special provisions coming later than the general provisions of Section 2, they must be regarded as an exception. The rule for statutory construction in this situation is stated in 39 Tex.Jur., Statutes, Sec. 114, as follows:

> "In case of conflict between a general
> provision and a special provision dealing with
> the same subject, the former is controlled or
> limited by the latter; and this is so whether

the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso, removing something from the operation of the general law."

Section 10 provides a comprehensive method for granting permits and/or a general license for the purpose of public display of dangerous fireworks. As you pointed out in your letter, the last sentence of this Section prompts the above question, this sentence being:

"For purposes of license the sale and/or possession of Class A and Class B fireworks only, as described herein, shall require a Distributor's permit."

A careful examination of the entire Act reveals that the words "license" and "permit" are used frequently in the major portions of the Act. It is, however, important to note that this use is confined so that the terms are not used interchangeably so as to refer to the same authority. These two terms are so carefully used throughout the Act that to say that "license" should have been used in the place of "permit" in the last sentence of Section 10 quoted above is to impute a mistake in terminology which the Act as a whole consistently refutes. It is the opinion of this office that a person is not required to hold a Distributor's license before making any public display of dangerous fireworks in Texas, but a permit issued by the State Fire Marshal as authorized in Section 9 is required of such person and the display license as provided in Section 5H is also required.

"2. If you have answered Question No. 1 above in the affirmative, then please advise if the applicant for a permit to publicly display fireworks should be required to furnish proof that such license had been obtained before the application for a permit is approved and the permit issued by the proper authority."

In view of the answer given to No. 1, this question is not answered.

"3. Is a person who makes a public display of /dangerous/ fireworks required by the Act to purchase or acquire such fireworks only from a duly licensed manufacturer, distributor, jobber, retailer or importer?"

Reference is made to the prior answers given herein for the basis for the answer to this question. Again it is pointed out that the purpose of this act is the protection of the health, safety, and general welfare of the public. It is not the purpose of this Act to prohibit citizens of this State from purchasing such fireworks from manufacturers, distributors, jobbers, retailers and importers of other states, but it is to provide for a maximum amount of protection if such fireworks are manufactured, possessed, sold or used within this State.

Question No. 3 is answered by stating that if such fireworks for public display are purchased or acquired within the State of Texas, the same are required to be purchased or acquired through a manufacturer, distributor, jobber, retailer, or importer who holds a permit issued by the State Fire Marshal pursuant to the provisions of Section 9 of the Act.

"4. If your answer to Question No. 3 is in the affirmative, then please advise if a person who makes a public display of fireworks is prohibited by the Act from purchasing or acquiring such fireworks from an unlicensed manufacturer, distributor, jobber, retailer or importer outside of the State of Texas, either by delivery in or out of the State; and if the Act so provides, if such provision is valid under the Federal Constitution."

In view of the answers given hereinabove, it is the opinion of this office that the Act does not prohibit a person who makes a public display of dangerous fireworks from purchasing or acquiring such fireworks from an unlicensed manufacturer, distributor, jobber, retailer or importer outside of the State. It is, however, our opinion that delivery of such fireworks within this State would necessitate that the persons so delivering and receiving such fireworks have the proper permits issued by the State Fire Marshal as authorized in Section 9 of the Act.

## S U M M A R Y

Article 1725, Vernon's Penal Code, requires all out-of-state manufacturers, distributors

and jobbers, who offer fireworks for sale in Texas to obtain a license as a condition to the sale thereof. The term "out-of-state" as used does not include manufacturers, distributors, and jobbers located or domiciled in foreign countries. Purchases of permissible /ICC Class C Common Fireworks/ fireworks consummated outside this State, with delivery made outside this State do not violate this Act; but, if the contract for purchase is entered outside this State and the manufacturer or importer makes delivery within this State, such purchase does violate this Act. All purchases made, however, within this State are subject to this Act so as to require the parties to such sale to have the appropriate license.

A person is not required to hold a distributor's license in order to make a public display of dangerous /Class A and Class B Fireworks/ fireworks in Texas, but a permit as issued by the State Fire Marshal pursuant to Section 9 is required. Dangerous fireworks for public display if purchased or acquired within the State of Texas must be purchased or acquired through a manufacturer, distributor, jobber, retailer or importer holding a permit issued by the State Fire Marshal pursuant to Section 9. The Act does not prohibit purchase or acquisition of dangerous fireworks for public display from an unlicensed manufacturer, distributor, jobber, retailer or importer outside of Texas, but delivery of such fireworks within this State would require the proper permits pursuant to Section 9 by the party delivering and receiving such fireworks.

Very truly yours,

WAGGONER CARR
Attorney General

By Lloyd C. Martin

Lloyd C. Martin
Assistant

LCM:mkh

Hon. J. N. Nutt, page 12 (C-222)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Joe Trimble
W. O. Shultz
C. L. Snow

APPROVED FOR THE ATTORNEY GENERAL
BY:   Howard W. Mays